UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>        Plaintiff,<br><br>v.<br><br>RONALD SHUMAKER, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00295-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

      Plaintiff Raul Garza is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 13, 2017. Local Rule 302.

      Currently before the Court is Plaintiff's complaint, filed March 2, 2017.

**I.**

**SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On April 18, 2002, Plaintiff was prosecuted in the Kern County Superior Court, for violation of California Penal Code 245(a). District Attorney, Ronald Shumaker, pursued a criminal conviction based on false testimony by a police officer. The District Attorney had no physical evidence. Plaintiff's public defender, Howard Levich, never objected on the record as to the lack of evidence and did not advise Plaintiff of the lack of evidence. Plaintiff agreed to a three year plea agreement, which was based on improper testimony. Plaintiff seeks $3,000,000 in punitive damages and requests that his conviction be expunged.

///
///
///

## III.

## DISCUSSION

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. "[R]elief is available to a prisoner under the federal habeas statute … if success on the claim would 'necessarily spell speedier release' from custody, which . . . include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 534 (2011)).

Plaintiff is seeking to challenge the constitutionality of his conviction and/or his custody rather than the conditions of his confinement. In order for Plaintiff's conviction to be expunged from his record, it would have to be determined Plaintiff's conviction is invalid. Thus, Plaintiff's claims challenge his criminal conviction which cannot be raised by way of a section 1983 complaint. Plaintiff must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] Plaintiff's claim is not cognizable unless and until he can show that the criminal conviction has been set aside by the grant of writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Accordingly, Plaintiff's complaint must be dismissed, without prejudice. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see

---

[1] Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action challenging the validity of the conviction and/or sentence is proper in the district of conviction.

also <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, without prejudice,[2] for failure to state a cognizable claim for relief; and

2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: **April 19, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[2] Heck barred civil rights claim must be dismissed without prejudice so Plaintiff may reassert the claims if the conviction or sentence is later invalidated. <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995).

4